### S06G0019. HARDEMAN v. THE STATE.
(635 SE2d 698)

CARLEY, Justice.

Victor Hardeman was tried before a jury and convicted of kidnapping with bodily injury, aggravated battery, false imprisonment, criminal attempt to commit robbery, and burglary. Kidnapping with bodily injury is a capital offense, so defense counsel was entitled to a two-hour closing argument in accordance with OCGA § 17-8-73. However, he did not object when the trial court limited his argument to only one hour. On motion for new trial, several issues were raised, including an ineffectiveness claim based upon Hardeman's trial attorney's failure to object to the erroneous limitation placed on the length of closing argument. As to that issue, trial counsel testified that he "could have used more time," but he did not elaborate on how he would have used it. The trial court denied the motion for new trial and, on appeal, the Court of Appeals affirmed in an opinion which was not officially reported. *Hardeman v. State*, 275 Ga. App. XXVI (2005). With regard to the assertion of ineffectiveness, the Court of Appeals held that Hardeman failed to prove that he was prejudiced by counsel's failure to object to the trial court's abridgement of his right to an additional hour of argument. Hardeman applied for certiorari, which we granted to review the Court of Appeals' holding that there was no showing of prejudice resulting from trial counsel's acquiescence in the trial court's erroneous limitation on the length of closing argument.

To prevail on an ineffectiveness claim, a defendant must show that his trial counsel's performance was deficient and that, but for the deficient performance, there is a reasonable probability the trial would have ended differently. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). "On appeal, 'we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts. (Cits.)' [Cit.]" *Morris v. State*, 280 Ga. 179, 180 (3) (626 SE2d 123) (2006).

With regard to the deficiency prong, Hardeman must show that his trial lawyer "made errors so serious that [he or she] was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland v. Washington*, supra at 687 (III). Included among the

factors for assessing professional performance are whether trial counsel "adequately investigated the facts and the law; and . . . whether the omissions charged to [him or her] resulted from inadequate preparation rather than from unwise choices of trial tactics and strategy. [Cit.]" *Johnson v. Zant*, 249 Ga. 812, 813 (1) (295 SE2d 63) (1982).

Here, the lawyer was defending a client charged with a capital offense. OCGA § 16-5-40 (b). One of the applicable principles of law in such a case is that defense counsel is entitled to two hours of closing argument. OCGA § 17-8-73. The right to make closing argument is an important one, the abridgement of which is not to be tolerated. *Ricketts v. State*, 276 Ga. 466, 470 (4) (579 SE2d 205) (2003). However, the record shows that Hardeman's lawyer was under the misimpression that he was entitled to only one hour to make his argument and, thus, failed to object when, fifty-five minutes into his argument, the trial court erroneously informed him that he had five minutes left. Accordingly, the attorney was unaware of an important statutory right available to the defense and waived that right through inadequate preparation, rather than as a matter of trial tactics. Under these circumstances, Hardeman met his burden showing the deficient performance prong of his ineffectiveness claim.

A trial court's erroneous denial of the right afforded by OCGA § 17-8-73 gives rise to a rebuttable presumption that the defense was harmed. *Hayes v. State*, 268 Ga. 809, 813 (7) (493 SE2d 169) (1997). However, the second prong of an ineffectiveness claim requires that the defendant show that he was prejudiced. When the issue is raised by trial counsel and overruled by the trial court, the focus of post-conviction inquiry is on whether the trial court erred and, if so, whether the defendant was harmed. However, when no question about the length of argument is raised below and the issue is only raised after conviction in the context of an ineffectiveness claim, resolution turns on an examination as to whether counsel's performance was deficient and, if so, whether the defense was prejudiced.

The Supreme Court of the United States has defined the element of prejudice in an ineffectiveness claim as "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, supra at 694 (III) (B). Since ineffectiveness of trial counsel is a constitutional claim, that definition of the prejudice necessary to prove the claim is controlling. See *White v. State*, 216 Ga. App. 583 (1) (455 SE2d 117) (1995) ("[t]here exists no substantial difference in the legal standard to be employed in resolving claims of ineffective assistance of counsel under the United States Constitution and under the Georgia Constitution of 1983. [Cits.]"). Thus, the

concept of prejudice in the Sixth Amendment sense is not the equivalent of the common law notion of harm.

> It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test, [cit.], and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding. . . . Since any error, if it is indeed an error, "impairs" the presentation of the defense, the [showing of such an error] is inadequate because it provides no way of deciding what impairments are sufficiently serious to warrant setting aside the outcome of the proceeding.

*Strickland v. Washington*, supra at 693 (III) (B). "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Strickland v. Washington*, supra at 695 (III) (B).

In an ineffectiveness claim, "the presumption [of prejudice] is applicable in only a narrow range of circumstances . . . ." *State v. Heath*, 277 Ga. 337 (588 SE2d 738) (2003). The Supreme Court of the United States has

> identified three instances in which the defendant would be relieved of his burden to establish prejudice stemming from counsel's errors: (1) an actual or constructive denial of counsel, (2) government interference with defense counsel, and (3) counsel [who] labors under an actual conflict of interest that adversely affects his performance. [Cit.]

*State v. Heath*, supra at 338. In addition, this Court has held that prejudice is "implied" when, due to the lawyer's deficient performance, a guilty "verdict [is] rendered by an illegally constituted jury . . . . [Cits.]" *Kirkland v. State*, 274 Ga. 778, 780 (2) (560 SE2d 6) (2002). However, such situations

> aside, actual ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice. The government is not responsible for, and hence not able to prevent, attorney errors that will result in reversal of a conviction or sentence.

*Strickland v. Washington*, supra at 693 (III) (B).

None of those circumstances in which prejudice is presumed is present in this case. Instead, here, as in *Ricketts v. State*, supra at 471 (4), the "right to make a closing argument was not completely abridged." See also *Ricketts v. State*, supra at 472 (5), citing Division 4 as authority for the proposition that, "assuming arguendo, that counsel was deficient for failing to challenge the one-hour limitation, there was no prejudice or harm . . . ." In fact, since the attorney was unaware of his statutory right to an additional hour to argue, he presumably tailored his argument for presentation in one hour. There is no indication that, as a result of the time limit, the lawyer failed to argue a critical point or that the argument that he did present was not as reasonably effective as it otherwise would have been. The case did not present any complex issues, since the victim made both a pre-trial and in-court positive identification of Hardeman as one of her attackers and the defense did not call any witnesses. The decisive issue is whether, but for the erroneous denial of the extra hour, there is a reasonable probability that trial counsel could have convinced the jury that his client was innocent of the crimes charged. Hardeman failed to make that showing, and the Court of Appeals correctly affirmed his convictions. *Ricketts v. State*, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 13, 2006 —
RECONSIDERATION DENIED NOVEMBER 6, 2006.

*Brian Steel*, for appellant.
*Daniel J. Porter, District Attorney, David K. Keeton, Matthew D. Crosby, Karen M. Harris, Assistant District Attorneys*, for appellee.