### A09A1701. HAMMOND v. THE STATE.
#### (692 SE2d 760)

BARNES, Judge.

Timothy Jackson Hammond appeals his convictions for one count each of sexual battery, aggravated sodomy, kidnapping with bodily injury, false imprisonment, and two counts of aggravated assault, and two counts of burglary. He contends his defense counsel was ineffective within the meaning of *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), the trial court erred by failing to give his requested charge on asportation, and the trial court erred by denying his motion for new trial because the evidence on the kidnapping charge did not meet the standards adopted in *Garza v. State*, 284 Ga. 696 (670 SE2d 73) (2008). Finding no error, we affirm.

The principles applicable to appellate review of a criminal conviction are stated in *Taylor v. State*, 226 Ga. App. 254, 255 (485 SE2d 830) (1997). Viewed in the light most favorable to the verdict, the evidence shows that Hammond broke into his ex-wife's home, threatened to kill her with a knife, had sex with her, committed oral sodomy, moved her to various rooms in her house, and held her captive until she finally escaped. She ran to a neighbor's house, and had the neighbor call the police. Hammond was apprehended at the victim's house, and gave a statement to the police in which he admitted to breaking into the victim's home, and holding her without her consent.

1. Hammond contends his defense counsel was ineffective because she failed to assert Hammond's right to a two-hour closing argument. Hammond bases his claim on OCGA § 17-8-73, which establishes the time limits on closing argument in criminal cases: "In felony cases other than those involving capital felonies, counsel shall be limited in their closing arguments to one hour for each side. In cases involving capital felonies, counsel shall be limited to two hours for each side." Because the maximum punishment for kidnapping with bodily injury includes the death penalty, OCGA § 16-5-40 (d) (4), Hammond was entitled to a two-hour closing argument, and asserts that his defense counsel was ineffective for failing to assert his right.

Under the law of this State, to prevail on his claim of ineffective assistance of counsel Hammond was required to show that his

defense counsel rendered deficient performance and that actual prejudice resulted from that deficient performance.

> Counsel are strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment, and counsel's performance is evaluated without reference to hindsight. A petitioner has suffered actual prejudice only where there is a reasonable probability (i.e., a probability sufficient to undermine confidence in the outcome) that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Ineffective assistance claims are mixed questions of law and fact. We accept the [trial] court's findings of fact unless clearly erroneous and independently apply the law to those facts.

(Citation and punctuation omitted.) *Head v. Hill*, 277 Ga. 255, 266 (VI) (587 SE2d 613) (2003). Our Supreme Court addressed this precise issue in *Hardeman v. State*, 281 Ga. 220 (635 SE2d 698) (2006). In *Hardeman*, like this case, the defense attorney was defending against an allegation of kidnapping with bodily injury and the trial court limited counsel's closing argument to one hour despite the provisions of OCGA § 17-8-73. Also, like *Hardeman*, counsel in this case did not object when the trial court limited his argument. In *Hardeman* the court said:

> One of the applicable principles of law in [a capital] case is that defense counsel is entitled to two hours of closing argument. OCGA § 17-8-73. The right to make closing argument is an important one, the abridgement of which is not to be tolerated. *Ricketts v. State*, 276 Ga. 466, 470 (4) (579 SE2d 205) (2003). However, the record shows that Hardeman's lawyer was under the misimpression that he was entitled to only one hour to make his argument and, thus, failed to object when, fifty-five minutes into his argument, the trial court erroneously informed him that he had five minutes left. Accordingly, the attorney was unaware of an important statutory right available to the defense and waived that right through inadequate preparation, rather than as a matter of trial tactics. Under these circumstances, Hardeman met his burden showing the deficient performance prong of his ineffectiveness claim.

*Hardeman*, supra, 281 Ga. at 221. As in that case, Hammond's defense counsel was unaware that the charge of kidnapping with

bodily injury entitled Hammond to a minimum of two hours in closing argument. Consequently, when, at the end of one hour, the trial court told her that her time was up, she did not object and did not insist upon the time to which Hammond was entitled. Therefore, Hammond also has met his burden of showing deficient performance. Although satisfying the first *Strickland* prong, to be entitled to a new trial Hammond must satisfy both prongs of the *Strickland* test. *Buttram v. State*, 280 Ga. 595, 599 (15) (631 SE2d 642) (2006); *Dickens v. State*, 280 Ga. 320, 321 (2) (627 SE2d 587) (2006).

On this point *Hardeman* states further that the denial of the right to a two-hour closing created a rebuttable presumption that the defendant was harmed, but the second prong of an ineffectiveness claim requires that Hammond show that he was prejudiced. *Hardeman*, supra, 281 Ga. at 221. Consequently,

> [w]hen the issue is raised by trial counsel and overruled by the trial court, the focus of post-conviction inquiry is on whether the trial court erred and, if so, whether the defendant was harmed. However, when no question about the length of argument is raised below and the issue is only raised after conviction in the context of an ineffectiveness claim, resolution turns on an examination as to whether counsel's performance was deficient and, if so, whether the defense was prejudiced.

Id. Thus, Hammond's burden was to show a reasonable probability of a different outcome of his trial. *Schofield v. Gulley*, 279 Ga. 413, 416 (I) (A) (614 SE2d 740) (2005). The court in *Hardeman* explained the issue in this manner:

> [T]he concept of prejudice in the Sixth Amendment sense is not the equivalent of the common law notion of harm.

> > It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test, (cit.), and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding. Since any error, if it is indeed an error, "impairs" the presentation of the defense, the showing of such an error is inadequate because it provides no way of deciding what impairments are sufficiently serious to warrant setting aside the outcome of the proceeding.

*Strickland v. Washington*, supra at 693 (III) (B). "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Strickland v. Washington*, supra at 695 (III) (B).

(Punctuation omitted.) *Hardeman*, supra, 281 Ga. at 222. Our Supreme Court found only three instances[1] in which the United States Supreme Court had held that a defendant would be relieved of his burden to establish prejudice stemming from counsel's errors: "(1) an actual or constructive denial of counsel, (2) government interference with defense counsel, and (3) counsel who labors under an actual conflict of interest that adversely affects his performance." (Citation and punctuation omitted.) Id. Thus, relying upon *Strickland*, supra, 466 U. S. at 693 (III) (B), the court held that in situations when defense counsel's closing was improperly limited, defendants like Hardeman and Hammond were required to show affirmatively that they were prejudiced by their counsel's performance. *Hardeman*, supra, 281 Ga. at 222.

Thus, the court held that in *Hardeman*,

[n]one of those circumstances in which prejudice is presumed is present in this case. Instead, here, as in *Ricketts v. State*, supra at 471 (4), the "right to make a closing argument was not completely abridged." See also *Ricketts v. State*, supra at 472 (5), citing Division 4 as authority for the proposition that, "assuming arguendo, that counsel was deficient for failing to challenge the one-hour limitation, there was no prejudice or harm." In fact, since the attorney was unaware of his statutory right to an additional hour to argue, he presumably tailored his argument for presentation in one hour. There is no indication that, as a result of the time limit, the lawyer failed to argue a critical point or that the argument that he did present was not as reasonably effective as it otherwise would have been.

*Hardeman*, supra, 281 Ga. at 223. Although Hammond argues that his attorney had not prepared for a one-hour closing, the evidence shows that she knew before argument the trial court would limit closings to one hour, and when counsel did not end her argument within one hour, the trial court gave her an additional two minutes

---

[1] The court also noted that it had held that prejudice is "implied" when a guilty verdict is rendered by an illegally constituted jury because of a lawyer's deficient performance. See *Kirkland v. State*, 274 Ga. 778, 780 (2) (560 SE2d 6) (2002).

to conclude. Also, even though she testified that her failure to request more time for her closing argument was not strategy, counsel stated before closing that she would take at least 30 minutes, but that she did not want the jury to be uncomfortable. Thus, it is far from likely that Hammond's counsel would have taken the full two hours even if the trial court had permitted her to do so.

The issues in this case were not complex, and Hammond did not dispute much of the State's case. No issue of identification was present because the victim was Hammond's ex-wife, Hammond was apprehended in the victim's home, and he gave a statement admitting most of the essentials of the case against him. Additionally, on appeal, he has raised only one enumeration concerning an issue of proof. Even though the defense counsel testified at the motion for new trial hearing that there were other points she would like to have made in closing, the transcript of her closing and her cross-examination at the motion for new trial hearing shows that she addressed these issues to some degree.

The issue is whether, but for the erroneous denial of the extra hour, a reasonable probability exists that Hammond's counsel could have argued some point from which the jury would have concluded that he was innocent of the charges against him. Balancing the evidence presented at trial with the issues counsel says she was prevented from arguing, we find no such probability existed. Therefore, Hammond has failed to satisfy the second prong of *Strickland*, and the trial court did not err by denying his motion for a new trial on these grounds. *Hardeman*, supra, 281 Ga. at 223; *Ricketts*, supra, 276 Ga. at 471 (4)

2. Hammond also contends the trial court erred by failing to give his requested charge on asportation. The record shows that Hammond requested and the trial court agreed to give the following charge: "[T]he movement necessary to constitute asportation must be more than a mere positional change. It must be a movement that is not merely incidental to the other criminal act, but movement designed to carry out better the criminal activity." When giving the charge to the jury, however, the trial court gave the pattern charge on kidnapping. Hammond objected after the charge was given, but the trial court ruled that Hammond's requested charge was not an accurate statement of the law.

A requested charge, however, must be " 'legal, apt and *precisely* adjusted to some principle involved in the case and be authorized by the evidence.' " (Emphasis supplied.) *Hill v. State*, 259 Ga. 557, 558 (3) (b) (385 SE2d 404) (1989) (quoting *Estep v. State*, 181 Ga. App. 842, 844 (353 SE2d 913) (1987)). " 'If *any portion* of the request is inapt or incorrect, denial of the request is proper.' " (Emphasis in original.) *Harmon v. State*, 208 Ga. App. 271, 274 (5) (430 SE2d 399)

(1993). At the time of Hammond's trial in 2006, the charge he wanted on asportation was not a correct statement of the law. *Garza,* supra, 284 Ga. at 696, which substantially changed the law on asportation, was not decided until two years later, and before *Garza,* asportation could be proven by showing "movement of the victim, however slight." *Griffin v. State*, 282 Ga. 215, 219 (1) (647 SE2d 36) (2007). Therefore, the trial court correctly refused to give Hammond's requested charge, and any error was harmless even though Hammond's counsel gave an argument based upon the charge she requested. *Roberts v. State*, 223 Ga. App. 167, 169 (5) (477 SE2d 345) (1996) (because defendant did not ask to reargue, failure to inform him of charges to be given prior to closing was harmless error).

3. Hammond contends the trial court erred by denying his motion for a directed verdict on the charge of kidnapping[2] with bodily injury. A motion for a directed verdict of acquittal should be granted only when there is no conflict in the evidence and the evidence with all reasonable deductions and inferences therefrom demands a verdict of acquittal as a matter of law. OCGA § 17-9-1 (a); *Taylor v. State*, 252 Ga. 125, 127 (1) (312 SE2d 311) (1984). On appeal, a reviewing court may consider all the evidence in the case, *Bethay v. State*, 235 Ga. 371, 375 (1) (219 SE2d 743) (1975), and must view the evidence in the light most favorable to the verdict. The test established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), is the appropriate one to use when the sufficiency of the evidence is challenged, whether the challenge is from the denial of a directed verdict or the denial of a motion for new trial based upon alleged insufficiency of the evidence. *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984).

The thrust of Hammond's argument is that the evidence presented at his trial does not satisfy the test adopted in *Garza.* In *Garza,* our Supreme Court overruled those cases endorsing the "slight movement test," id. at 702 (1), and adopted a test assessing four factors in determining whether the movement at issue constitutes asportation: (1) the duration of the movement; (2) whether the movement occurred during the commission of a separate offense; (3) whether such movement was an inherent part of that separate offense; and (4) whether the movement itself presented a significant danger to the victim independent of the danger posed by the separate offense. Id. The test was to help decide whether the movement was of the kind that the kidnapping statute was intended to address, i.e.,

---

[2] "A person commits the offense of kidnapping when he abducts or steals away any person without lawful authority or warrant and holds such person against his will." OCGA § 16-5-40 (a).

movement that substantially isolated the victim from protection or rescue, or merely a " 'criminologically insignificant circumstance' attendant to some other crime. [*Garza*, supra, 284 Ga. at 702]." *Brower v. State*, 298 Ga. App. 699, 707 (2) (680 SE2d 859) (2009). After *Garza*, the legislature amended[3] the kidnapping statute to provide that slight movement is sufficient to prove kidnapping as long as the movement was not incidental to another offense, and further defined what actions would not be incidental to another offense.[4]

In this case, Hammond moved the victim from the bedroom to the bathroom twice. Although the movement each time was of minimal duration, the movements were not inherent parts of the sexual battery, aggravated sodomy, false imprisonment, aggravated assaults, or burglaries. The movements occurred after those crimes had been completed. Hammond moved the victim to keep her under his control and prevent her escape, and further enhanced his control over her. *Henderson v. State*, 285 Ga. 240 (675 SE2d 28) (2009). Accordingly, the element of asportation was established, and the trial court did not err by denying Hammond's motion for a directed verdict based on this allegation.

*Judgment affirmed. Miller, C. J., and Andrews, P. J., concur.*

DECIDED MARCH 26, 2010 — 

*Nathanael A. Horsley*, for appellant.

*Lee Darragh, District Attorney, Wanda L. Vance, Assistant District Attorney*, for appellee.

---

[3] This statute applies to crimes committed on or after the revised statute's effective date, July 1, 2009. OCGA § 1-3-4. The crimes in this case occurred before the effective date of the statute and therefore the standard set forth in *Garza* applies.

[4] OCGA § 16-5-40 provides:

. . .

(b) (1) For the offense of kidnapping to occur, slight movement shall be sufficient; provided, however, that any such slight movement of another person which occurs while in the commission of any other offense shall not constitute the offense of kidnapping if such movement is merely incidental to such other offense.

(2) Movement shall not be considered merely incidental to another offense if it:

(A) Conceals or isolates the victim;

(B) Makes the commission of the other offense substantially easier;

(C) Lessens the risk of detection; or

(D) Is for the purpose of avoiding apprehension.