S10G1263. HAMMOND v. THE STATE.
(710 SE2d 124)

MELTON, Justice.

In *Hammond v. State*, 303 Ga. App. 176 (692 SE2d 760) (2010), the Court of Appeals affirmed the trial court's conviction of Timothy Hammond for sexual battery, aggravated sodomy, kidnapping with bodily injury, two counts of aggravated assault, two counts of burglary and one count of false imprisonment. We granted review to determine whether the holding in *Garza v. State*, 284 Ga. 696 (670 SE2d 73) (2008), applies retroactively and if it does, whether the trial court's refusal to give Hammond's requested instruction on asportation constitutes reversible error. Finding no reversible error, we affirm.

Hammond's trial was in 2006. At trial, Hammond requested, and the judge agreed to give, a jury charge on the asportation element of kidnapping that read, "[T]he movement necessary to constitute asportation must be more than a mere positional change. It must be a movement that is not merely incidental to the other criminal act, but movement designed to carry out better the criminal activity." Instead, however, the trial court issued the pattern charge on kidnapping applicable at the time.[1]

In 2008, this Court overruled prior law regarding the need for only slight movement to satisfy the asportation element of kidnapping and set out four factors to determine whether the asportation element was met:

> (1) the duration of the movement; (2) whether the movement occurred during the commission of a separate offense; (3) whether such movement was an inherent part of that separate offense; and (4) whether the movement itself presented a significant danger to the victim independent of the danger posed by the separate offense.

*Garza*, supra, 284 Ga. at 702 (1), citing *Government of Virgin Islands v. Berry*, 604 F2d 221, 227 (3rd Cir. 1979). After this Court's decision in *Garza*, the legislature amended the kidnapping statute, effective July 1, 2009.[2] The amendment provided once again that slight movement is sufficient to prove kidnapping as long as the movement was not incidental to another offense.

1. The United States Supreme Court and this Court have repeatedly held that a substantive change in case law should be applied retroactively and that a substantive change includes decisions that remove certain conduct from the reach of criminal statutes. See *Bousley v. United States*, 523 U. S. 614 (118 SC 1604, 140 LE2d 828) (1998); *Luke v. Battle*, 275 Ga. 370 (2) (565 SE2d 816)

---

[1] As to the asportation element of the offense of kidnapping with bodily injury, only the slightest movement of an alleged victim is required. Any unlawful asportation, however slight, is sufficient to show the taking element of kidnapping with bodily injury. In Georgia law there is no minimum requirement as to the distance required for there to have been movement of an alleged victim by an accused so as to satisfy by evidence beyond a reasonable doubt the element of asportation in a kidnapping with bodily injury charge. Whether or not the evidence in this case shows the element of asportation by evidence beyond a reasonable doubt is a question that must be answered by you, the jury, based upon all the evidence presented and the law charged to you by which you are bound.

[2] The Court of Appeals' decision in *Hammond* falls in the period after this Court decided *Garza* and after the kidnapping statute amendment. However, Hammond's acts occurred prior to the statute's July 1, 2009 effective date.

(2002). In *Garza*, by overruling the slight movement standard, this Court removed from the reach of the kidnapping statute any conduct that included only slight movement of the victim but did not meet the *Garza* four-factor test for asportation. Thus, the rule established in *Garza* was substantive and should be applied retroactively.

2. Because *Garza* must be applied retroactively, Hammond is entitled to a jury instruction consistent with that rule.[3] We therefore must determine whether the failure to charge the jury according to the *Garza* rule on asportation was harmless or whether it constituted reversible error. This Court has applied the "highly probable test" to nonconstitutional error in criminal cases, asking whether it is "highly probable that the error did not contribute to the judgment." (Citations and punctuation ommitted.) *Felder v. State*, 266 Ga. 574, 576 (2) (468 SE2d 769) (1996). This Court has specifically applied this test to determine whether errors in jury instructions are reversible. *Hicks v. State*, 287 Ga. 260 (4) (695 SE2d 195) (2010).

Viewed in the light most favorable to the verdict, the record shows that on July 30, 2005, Hammond broke into his ex-wife's house where he had sex with her and held her captive in her bedroom, often at knife point, until she ultimately escaped. During the course of this captivity, Hammond moved his ex-wife several times. Shortly after Hammond broke into the home, he took his ex-wife at knife point up the stairs to let her dog in. Additionally, twice during the captivity, Hammond made his ex-wife go with him to the bathroom that was connected to her bedroom. Finally, Hammond made his wife move to the bed to lie with him.

*Garza* sets out four factors that should be considered in determining whether the asportation element of kidnapping is met:

> (1) the duration of the movement; (2) whether the movement occurred during the commission of a separate offense; (3) whether such movement was an inherent part of that separate offense; and (4) whether the movement itself presented a significant danger to the victim independent of the danger posed by the separate offense.

(Citation omitted.) 284 Ga. at 702 (1).

In cases where the *Garza* standard is applicable, this Court has not required the satisfaction of all four factors to establish that asportation has occurred. See *Henderson v. State*, 285 Ga. 240 (5)

---

[3] Hammond contends that the trial court erred in failing to give his requested jury instruction. However, having determined that the rule in *Garza* applies retroactively, it is this jury instruction to which Hammond was entitled and not Hammond's requested instruction which was not in line with the law at the time.

(675 SE2d 28) (2009) (Although movement was of minimal duration, the other three *Garza* factors were present and thus the movement constituted asportation.). In fact, this Court has even found asportation when only two of the *Garza* factors were present. *Tate v. State,* 287 Ga. 364 (1) (a) (695 SE2d 591) (2010) (Court analyzed *Garza* factors and held that while the offenses were ongoing, the movement was not an inherent part of the offense and created an additional danger to the victim and thus the movement constituted asportation).

Hammond's movements of his ex-wife were of relatively short duration and occurred during the commission of the false imprisonment. However, Hammond's movement of his wife upstairs to let in the dog and movement of his wife back and forth to the bathroom were not an inherent or integral part of the false imprisonment, sexual battery, aggravated sodomy, aggravated assault or the burglary offenses. Moreover, these movements all presented a significant danger to Hammond's ex-wife apart from the separate offenses because these movements enhanced the control that Hammond had over his ex-wife. See *Tate,* supra, 287 Ga. at 365 (1) (a).

Therefore, it is highly probable that the error of the trial court in not instructing the jury to consider the asportation element of kidnapping using the *Garza* test did not contribute to the judgment of guilt. The error of the trial court is therefore not reversible, and the decision of the Court of Appeals is affirmed.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 26, 2011.

*Nathanael A. Horsley,* for appellant.
*Lee Darragh, District Attorney, Wanda L. Vance, Assistant District Attorney,* for appellee.