## A11A0205. JOHNSON v. THE STATE.

(710 SE2d 857)

ANDREWS, Judge.

Lamar Johnson, who represented himself at trial, appeals after a jury found him guilty of armed robbery, hijacking a motor vehicle, kidnapping, false imprisonment, and possession of a firearm during the commission of a crime. After reviewing the record, we conclude that the evidence was insufficient to support the conviction on the charge of possession of a firearm during the commission of a crime. We affirm the remaining convictions.

The evidence at trial, taken in the light most favorable to the verdict, was that the victim Whitney Jones, who delivered pizzas for a restaurant, got a call to deliver a pizza to an apartment building at 1831 Wynnton Road. When she arrived at the address, she met a man and a woman who pointed guns at her and took the pizzas.

After taking the pizzas, they forced Jones to go down to the basement and locked her in one of the storage compartments. Before leaving Jones in the storage compartment, the couple took her car keys and her money bag. Jones testified that the couple then moved several items from one of the storage units into her car.

After the couple left in her car, Jones was able to slide out under the wire of the compartment and call police. Jones identified Johnson from a videotape taken at a nearby Shell station as the man who robbed her. Jones also picked Johnson out of a photographic lineup[1] and positively identified Johnson at trial as the man responsible for the crimes.

Amber Josey, Johnson's co-defendant, testified that she and Johnson were living together at Johnson's mother's house when his mother asked them to leave. She said that before they left the house, they took a Shell credit card and two BB guns, among other things. The mother's boyfriend took Johnson and Josey to some apartments on 1831 Wynnton Road, because he knew there were empty storage units there where they could store their belongings.

Johnson and Josey did not have any money so they charged whatever they needed on the Shell credit card. Josey said that she and Johnson devised a plan to call a pizza place and then rob the delivery person. Josey admitted that she and Johnson took Jones's cash and car keys and put her in a storage room in the basement of the apartments.

Johnson and Josey drove Jones's car to numerous states, never staying very long in any one place. At some point, an officer tried to

---

[1] Jones could not identify Johnson in the first photographic lineup, but said that the photograph of Johnson did not look like him.

stop them for a traffic violation but Johnson sped away. The couple then hid the car and were forced to walk. When officers subsequently discovered the pair, they split up and ran. Josey was caught after a few hours and Johnson was caught the next day. When officers retrieved Jones's car and tested it for fingerprints, they found 19 instances of Johnson's prints in the car.

1. In his first enumeration of error, Johnson argues that the evidence was insufficient to support the conviction for possession of a firearm during the commission of a crime. The State has conceded that BB guns cannot support a charge for possession of a firearm during the commission of a crime. See *Fields v. State*, 216 Ga. App. 184, 187 (453 SE2d 794) (1995) (evidence that defendant possessed a BB pistol was insufficient to support conviction under OCGA § 16-11-106 (b) of possession of a firearm during the commission of a crime). Accordingly, Johnson's conviction on this charge is reversed.

2. Johnson contends that the trial court erred in limiting closing argument to one hour. He points out that armed robbery is a capital felony in Georgia and OCGA § 17-8-73 allows a two-hour closing argument in cases where the defendant is charged with a capital crime.

> The right to make a closing argument to the jury is an important one, and abridgement of this right is not to be tolerated. Harm, requiring that a defendant be given a new trial, is presumed when the right is erroneously denied, and the presumption of harm, although not absolute, is not readily overcome. The presumption of harm may fall when the denial of the right is not complete and only in those extreme cases in which the evidence of a defendant's guilt is so overwhelming that it renders any other version of events virtually without belief.

(Citations omitted.) *Agee v. State*, 279 Ga. 774, 775 (621 SE2d 434) (2005).

At the hearing on his motion for new trial, Johnson testified that he wanted to argue additional points but did not have enough time. Johnson was unable to remember what he would have said to the jury had he been granted more time.

Here, the right to make a closing argument was not completely abridged. Johnson was given an hour to make his closing argument and "presumably tailored his argument for presentation in one hour." *Hardeman v. State*, 281 Ga. 220, 223 (635 SE2d 698) (2006). Further, Johnson could not articulate any argument that he would have made were he given more time. Therefore, "[t]he decisive issue is whether, but for the erroneous denial of the extra hour, there is a

reasonable probability that [Johnson] could have convinced the jury that [he] was innocent of the crimes charged." Id. Johnson has failed to make any such showing, and the trial court correctly denied his motion for new trial on these grounds.

3. Johnson argues that the trial court erred in its jury charge on hijacking a motor vehicle. He points out that the indictment charged him with obtaining the motor vehicle from Whitney Jones by intimidation, and the court's charge to the jury was that "[a] person commits the offense of hijacking a motor vehicle when such person, while in possession of a firearm or weapon, obtains a motor vehicle from the person or presence of another by force and violence, or intimidation, or attempts or conspires to do so." Johnson claims that this jury instruction could have allowed the jury to find him guilty of the crime in a manner not charged in the indictment.

> [I]f a trial court gives a jury charge on an entire Code section that specifies that a crime may be committed by more than one method, and if the indictment alleges that the defendant committed the crime by only one method, the deviation violates due process, unless: (a) a limiting instruction is given; or (b) under the evidence, there is no reasonable possibility that the jury convicted the defendant of the commission of the crime in a manner not charged in the indictment.

*Goss v. State*, 289 Ga. App. 734, 737 (658 SE2d 168) (2008).

In this case, the trial court read the indictment to the jury, the indictment went out with the jury during deliberations and the trial court instructed the jury that "[n]o person shall be convicted of any crime, unless and until each element of the crime as charged is proved beyond a reasonable doubt," and "[t]he burden of proof rests upon the [s]tate to prove every material allegation of the indictment . . . beyond a reasonable doubt." Given the above, and given the clear, undisputed evidence in this case, we conclude that there is no reasonable probability that the jury convicted Johnson of hijacking a motor vehicle in a manner not alleged in the indictment. See *Goss*, supra at 737.

*Judgment affirmed in part and reversed in part. McFadden, J., concurs. Phipps, P. J., concurs in the judgment only as to Division 3.*

DECIDED MAY 24, 2011.

*William J. Mason*, for appellant.
*Julia Fessenden Slater, District Attorney, Crawford L. Seals,*

*Assistant District Attorney*, for appellee.