A11A1965. SIPPLEN v. THE STATE.
(718 SE2d 571)

MCFADDEN, Judge.

After a jury trial, William Sipplen, Sr., was convicted of kidnapping and possession of a firearm during the commission of a felony. He appeals, contending that the evidence was insufficient to authorize his convictions and the trial court erroneously charged the jury on the kidnapping offense. We hold that the evidence was sufficient to sustain the convictions and to render harmless any error in the jury charge. Accordingly, we affirm.

1. When an appellant challenges the sufficiency of the evidence to support the conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis in original.) *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the evidence showed that on the afternoon of May 7, 2007, a Pepsi-Cola truck driver was leaving a Wal-Mart parking lot after having refilled vending machines at the store. A purple PT Cruiser driven by Sipplen pulled out of the parking lot in front of the truck. Shortly beforehand, a man later identified as Kenneth Howard had gotten out of the PT Cruiser. Howard ran next to the truck, jumped inside, and pointed a gun at the truck driver. Howard told the truck driver "to drive and where to turn." He also told the truck driver that there were "some people behind [them] that wasn't

going to be happy if they couldn't get no money." The truck driver told Howard that he did not have the combination to the truck's safe.

At Howard's direction, the truck driver drove approximately six miles from the store, turned onto a dirt road, and drove an additional half mile to three quarters of a mile down the road, followed by the PT Cruiser. At that point, Howard told the truck driver to stop and to hand over his cell phone. He then got out of the truck, and the truck driver "took off."

"A person commits the offense of kidnapping when such person abducts or steals away another person without lawful authority or warrant and holds such other person against his or her will." OCGA § 16-5-40 (a). The state thus must prove an unlawful movement, or asportation, of the victim that occurred against his or her will. *Brashier v. State*, 299 Ga. App. 107, 109 (2) (681 SE2d 750) (2009). Sipplen contends that the state failed to prove asportation.

Because the crime occurred in May 2007 and Sipplen's trial occurred in February 2008, the test for asportation enunciated in *Garza v. State*, 284 Ga. 696, 701-702 (1) (670 SE2d 73) (2008), applies in this case. See *Hammond v. State*, 289 Ga. 142, 143-144 (1) (710 SE2d 124) (2011) (holding that *Garza* test applies retroactively); *Dixon v. State*, 300 Ga. App. 183, 184 (1), n. 3 (684 SE2d 679) (2009) (subsequent amendment of the kidnapping statute, OCGA § 16-5-40, does not apply to crimes committed before the amendment's effective date of July 1, 2009). *Garza* set out four factors to determine whether the asportation element was met:

(1) the duration of the movement; (2) whether the movement occurred during the commission of a separate offense; (3) whether such movement was an inherent part of that separate offense; and (4) whether the movement itself presented a significant danger to the victim independent of the danger posed by the separate offense.

(Citation omitted.) *Garza*, 284 Ga. at 702 (1). "The test was designed to determine whether the movement was one serving to substantially isolate the victim from protection or rescue — or merely a criminologically insignificant circumstance attendant to some other crime." (Citation and punctuation omitted.) *Wright v. State*, 300 Ga. App. 32, 34 (1) (684 SE2d 102) (2009).

Sipplen argues that the evidence did not show asportation under the *Garza* test because the movement in this case was "irrelevant" to the attempted armed robbery and occurred only because the driver "just happened to be driving a truck" at the time. But not all of the elements under the *Garza* test must favor the state to prove asportation. *Abernathy v. State*, 299 Ga. App. 897, 900 (1) (685 SE2d

734) (2009). And, as we recently held in ruling on an appeal brought by Howard, who was jointly tried with Sipplen, considering the *Garza* factors "leads us inevitably to the conclusion that the evidence is sufficient to sustain the kidnapping conviction in this case." *Howard v. State*, 310 Ga. App. 659, 662 (1) (714 SE2d 255) (2011). In that decision we reasoned:

> The driver was forced at gunpoint to drive more than six miles, a substantial distance. The movement from a Wal-Mart parking lot to a secluded dirt road isolated the driver and made it less likely that law enforcement officers or bystanders would discover his predicament and come to his aid. And the movement made it less likely that Howard would be seen by eyewitnesses, which gave him greater freedom to do as he wished with the driver. In short, the evidence is overwhelming that the movement in this case served to substantially isolate the victim from protection or rescue. . . .

(Punctuation omitted.) Id. The evidence was sufficient for the jury to find that the asportation element of kidnapping, as interpreted in *Garza*, was proven in this case, see *Howard*, 310 Ga. App. at 662 (1), and that Howard possessed a firearm in the commission of the kidnapping. See OCGA § 16-11-106 (b).

The evidence also was sufficient for the jury to find that Sipplen was a party to the crimes committed by Howard. "Every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime." OCGA § 16-2-20 (a). Pertinently, a person is concerned in the commission of a crime if he "[i]ntentionally aids or abets in the commission of the crime." OCGA § 16-2-20 (b) (3). The evidence showed that Sipplen was driving the PT Cruiser, that he pulled out in front of the Pepsi-Cola truck as it was leaving the Wal-Mart parking lot, that Howard got out of the PT Cruiser and into the truck, that Howard insinuated to the truck driver that people who wanted money were following them, and that Sipplen in fact followed the truck from the Wal-Mart parking lot to the dirt road. From these circumstances, the jury could infer that Sipplen had the intent to participate in the kidnapping and in Howard's possession of a gun during the commission of that crime. See *Sherrer v. State*, 289 Ga. App. 156, 159 (2) (656 SE2d 258) (2008) (while mere presence at the scene of the commission of a crime is not sufficient evidence to convict one of being a party thereto, presence, companionship, and conduct before and after the offense are circumstances from which one's criminal intent as a participant in the crime may be inferred). Although Sipplen

testified that he did not follow the truck to the dirt road and he offered explanations for his presence first in the Wal-Mart parking lot and later on the dirt road, the jury was authorized to reject his testimony. See *Ferguson v. State*, 307 Ga. App. 232, 235 (1) (704 SE2d 470) (2010).

Because there was evidence from which a rational trier of fact could find that Sipplen intentionally aided and abetted Howard in his commission of the offenses of kidnapping and of possession of a firearm during the commission of that crime, the evidence was sufficient to support Sipplen's convictions for these offenses.

2. Sipplen enumerates as error the trial court's charge to the jury that the asportation element of the offense of kidnapping could be supported by evidence of "only the slightest movement," rather than by evidence of the *Garza* factors. He correctly asserts that the rule set forth in *Garza* must be applied retroactively to his case, thereby entitling him to a jury instruction consistent with that rule. See *Hammond*, 289 Ga. at 144 (2). We must therefore determine whether the failure to charge the jury according to the *Garza* rule on asportation was harmless or whether it constituted reversible error. Id. Because this case concerns nonconstitutional error, we apply the "highly probable test," and we ask "whether it is highly probable that the error did not contribute to the judgment." (Citation and punctuation omitted.) Id.

Because, as explained in Division 1, the evidence demonstrated that asportation occurred under the *Garza* test, "it is highly probable that the error of the trial court in not instructing the jury to consider the asportation element of kidnapping using the *Garza* test did not contribute to the judgment of guilt." *Hammond*, 289 Ga. at 145 (2). Therefore, Sipplen has presented no ground for reversal. Id.

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED NOVEMBER 1, 2011.

*Phillips & Nemajovsky, Mark T. Phillips*, for appellant.
*J. David Miller, District Attorney, Tracy K. Chapman, Assistant District Attorney*, for appellee.