A11A1612. PERALTA v. THE STATE.
(718 SE2d 326)

MIKELL, Judge.

Rodolfo Jimenez Peralta, convicted by a jury of one count of kidnapping, appeals from the denial of his motion for new trial, contending that the evidence was legally insufficient and his trial counsel rendered ineffective assistance of counsel. Finding no error, we affirm.

1. Peralta contends that the trial court erred in denying his motion for directed verdict on the kidnapping count.[1]

That count alleged that Peralta and Nelson Delgiudice "on the 20th day of June, 2006, did then and there unlawfully abduct Alizeth Dorian Cardoza, a human being, without lawful authority and hold said person against her will . . . ."

A review of the proceedings below, however, reveals that Peralta made no motion for directed verdict. Nonetheless, we review the legal sufficiency of the evidence.[2]

On appellate review of a criminal conviction, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence.[3] We do not weigh the evidence or judge the credibility of witnesses, but determine only if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the offenses charged beyond a reasonable doubt.[4]

The facts of this incident are fully set out in our recent decision in the appeal of Nelson Delgiudice, Jr., co-defendant of Peralta.[5] They will be supplemented here as necessary. Cardoza had been forcibly pulled into the apartment, thrown onto the living room floor, and

---

[1] Peralta was acquitted of three counts of aggravated assault against Gamaliel Comancho Romero (one each with a gun, a knife, and a hot iron) and one count of aggravated assault against Alizeth Dorian Cardoza with a gun.

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Al-Amin v. State*, 278 Ga. 74 (1) (597 SE2d 332) (2004).

[4] Id., citing *Jackson v. Virginia*, supra.

[5] *Delgiudice v. State*, 308 Ga. App. 397-400 (1) (707 SE2d 603) (2011).

tied up by Delgiudice, who had a gun. As set out in *Delgiudice*,[6] Cardoza had been forced by Delgiudice to go from the living room into a bathroom to see Romero tied up and stabbed and to watch another man place a hot iron on his back. Her boyfriend knocked on the door, looking for her, and Delgiudice then told Peralta to kill her after Delgiudice had made Cardoza look out the living room window at her boyfriend. Instead, Peralta, who also had a gun, took her back down the hallway into a back bedroom. He told her to calm down, he did not murder or rape women or children. Peralta stayed with her in the bedroom and was the last one of the perpetrators to leave the apartment. After Gwinnett County Police Officer John Rowell entered the apartment and the others had jumped off the balcony, he saw a man in a white tee shirt near the bedroom door where Cardoza was later found. Between the officer and this man was a revolver in the hallway. When Rowell ordered the man to come out, he, instead, sprinted past the officer and jumped off the second floor balcony.

Numerous officers responded to hunt for the suspects, and Investigator Michael Forrester was patrolling a business area with a barbed wire fence behind it when he encountered a suspect, Peralta, coming over the barbed wire fence. Forrester held Peralta at gunpoint until Officer Ndegwa Washington arrived, placed handcuffs on Peralta, and sat him in his patrol car. Washington transported Peralta back to the apartment complex where Cardoza identified him as one of the men involved. Peralta's fingerprints were found on a return air vent cover which had been removed from the ceiling and was on the floor in one of the bedroom closets.

Peralta argues that the evidence does not support his kidnapping conviction under *Garza v. State*,[7] because the state did not establish the required element of asportation.[8] In *Garza*, our Supreme Court held that four factors should be assessed to determine whether movement constitutes asportation:

> (1) the duration of the movement; (2) whether the movement occurred during the commission of a separate offense; (3) whether such movement was an inherent part of that separate offense; and (4) whether the movement itself

---

[6] Id.

[7] 284 Ga. 696 (670 SE2d 73) (2008).

[8] Although the crime occurred in 2006, *Garza* is retroactive. *Hammond v. State*, 289 Ga. 142, 143-144 (1) (710 SE2d 124) (2011). Following *Garza*, the kidnapping statute was amended, but applies only to crimes committed on or after July 2009. Therefore, we consider this case under *Garza*.

presented a significant danger to the victim independent of the danger posed by the separate offense.[9]

Peralta argues that the movement of Cardoza to the bedroom here was merely incidental to the aggravated assault alleged against him when he pointed a gun at Cardoza in the hallway. We disagree.

The movement of Cardoza down the hall into the bedroom occurred after Peralta had pointed the gun at her, completing the aggravated assault.[10] Further, this movement created an additional danger to her by moving her further away from the front door and possible rescue, and it enhanced Peralta's control over her.[11]

Therefore, we find this enumeration without merit.

2. Peralta's second enumeration is that trial counsel was ineffective for failing to request a jury charge on the lesser included offense of false imprisonment "as the evidence was insufficient to support the verdict in this case."

As held in Division 1, however, we have found the evidence legally sufficient to support the jury's verdict of guilty on the kidnapping charge.[12] Therefore, there is nothing further we need review on this issue.

*Judgment affirmed. Smith, P. J., and Dillard, J., concur.*

DECIDED NOVEMBER 4, 2011.

*Clark & Towne, Jessica R. Towne*, for appellant.

*Daniel J. Porter, District Attorney, Jimmie E. Baggett, Jr., Assistant District Attorney*, for appellee.

---

[9] (Citation omitted.) *Garza*, supra at 702 (1).

[10] *Bryant v. State*, 304 Ga. App. 755, 757 (1) (697 SE2d 860) (2010) (forcing victim from open backyard by forcing metal object in his back and then taking him into kitchen constituted asportation, following the aggravated assault). Accord *Williams v. State*, 307 Ga. App. 675, 678 (1) (705 SE2d 906) (2011) (moving victim from hotel room into bathroom created additional danger to her by increasing Williams' control over her and was not inherent part of aggravated assault); *Dixon v. State*, 303 Ga. App. 517, 519 (1) (693 SE2d 900) (2010) (pulling victim back into hotel room from hallway sufficient to prove asportation because it occurred before Dixon threatened her with a razor and raped her).

[11] *Williams*, supra.

[12] *Hall v. State*, 308 Ga. App. 858, 863 (2) (709 SE2d 348) (2011), the only authority cited by Peralta to support his argument, is physical precedent only and not binding. Court of Appeals Rule 33 (a). Also, that case dealt with failure to give a jury charge when the defendant submitted a written request for an instruction on false imprisonment as a lesser included charge of kidnapping. Here, trial counsel, during the charge conference, stated that "I don't believe that any lesser-includeds are appropriate based on how the evidence has come out."