# Court of Appeals
# of the State of Georgia

ATLANTA,___June 24, 2014_____

*The Court of Appeals hereby passes the following order:*

## A14A1660. RODOLFO JIMENEZ PERALTA v. THE STATE.

Rodolfo Jimenez Peralta was convicted of kidnapping, and we affirmed his conviction on appeal. *Peralta v. State*, 312 Ga. App. 414 (718 SE2d 326) (2011). He later filed a motion to correct his allegedly void sentence, alleging that there were errors in the indictment process. The trial court denied the motion, and Peralta appeals.

While a direct appeal may lie from an order denying or dismissing a motion to correct a void sentence, this is true only if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216, 217-218 (1)(686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). A sentence is void only when the trial court imposes punishment that the law does not allow. *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *Von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

Here, Peralta has not raised a colorable claim that his sentence is void. Rather, his challenge attacks the validity of his conviction. Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,* 06/24/2014
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*