# Court of Appeals
# of the State of Georgia

ATLANTA,  June 20, 2017

*The Court of Appeals hereby passes the following order:*

**A17D0491.  LAMAR JOHNSON v. THE STATE.**

Lamar Johnson was convicted of armed robbery, hijacking a motor vehicle, kidnapping, false imprisonment, and possession of a firearm during the commission of a crime.  On appeal, this Court reversed Johnson's conviction for possession of a firearm during the commission of a crime, but affirmed the remainder of his convictions.  See *Johnson v. State*, 309 Ga. App. 655 (710 SE2d 857) (2011).  In 2016, he filed a motion to vacate and modify sentence, and a motion to vacate void sentence.  The trial court denied the motions on January 24, 2017.  Johnson then filed, in the trial court, a motion for an extension of time to appeal.  On May 2, 2017, the trial court granted the motion, pursuant to OCGA § 5-6-39, and gave Johnson until June 1, 2017, to file a "notice of appeal[]."[1]  Johnson filed this application for discretionary review on June 1, 2017, 128 days after entry of the order denying his motions seeking relief from his sentence.

An application for discretionary appeal must be filed within 30 days of the entry of the order or judgment to be appealed.  See OCGA § 5-6-35 (d).  The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith.  See *Boyle v. State*, 190 Ga.

---

[1] A direct appeal may lie from an order denying or dismissing a motion to vacate a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper v. State*, 286 Ga. 216, 217 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  A sentence is void only if it imposes punishment that the law does not allow.  *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991).

App. 734 (380 SE2d 57) (1989). Although the trial court purported to grant Johnson an extension of time to file an application, it lacked authority to do so. See *Gable v. State*, 290 Ga. 81, 85 (2) (a) (720 SE2d 170) (2011) ("Because a discretionary application must be filed only in an appellate court, see OCGA § 5-6-35 (d), a *trial* court may not grant an extension of the time to file the application pursuant to OCGA § 5-6-39."). Instead, an applicant must request an extension from this Court, within the original 30-day filing period. Id.; see also Court of Appeals Rule 31 (i).

Because Johnson did not make a timely request for an extension before this Court, we have no basis for excusing his failure to comply with the 30-day deadline set forth in OCGA § 5-6-35 (d). Accordingly, this application is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   06/20/2017*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*