FINAL COPY
294 Ga. 605

S14A0036. WILKERSON v. HART.

MELTON, Justice.

Following the denial of his application for habeas corpus relief, Lenzie Aaron Wilkerson appeals, contending that the evidence presented at his trial was insufficient, under Garza v. State, 284 Ga. 696 (670 SE2d 73) (2008), to support his convictions for kidnapping. In addition, Wilkerson contends that the trial court erred by finding that his trial counsel did not render ineffective assistance of counsel. For the reasons set forth below, we reverse the habeas court's ruling on the kidnapping convictions but affirm its finding regarding ineffective assistance of counsel.

1. The facts of this case are generally set forth in Wilkerson v. State, 280 Ga. App. 29 (633 SE2d 367) (2006). There, the Court of Appeals set forth:

[A]t approximately 11:00 p.m. on Sunday, November 26, 2001, Dustin James, Sean Greer, and S. S., an adult female, were visiting with their friends, Jason Parrish, Jason Rigby, and Joel Pressley, who lived in an apartment complex in Statesboro. Rigby testified that two men knocked at the door and asked to buy marijuana and that fifteen minutes later, the same men returned, one of whom carried a pistol, and charged into the apartment. They were accompanied by three men, who were wearing masks, and one of

the masked men was carrying a shotgun. Rigby described the first two men: one was short and stocky and wore a skull cap and the other was tall and skinny and had a shaved head and a light complexion.

Pressley, Rigby, and Greer all testified that the men covered their eyes with duct tape, tied their hands behind their backs, piled them on top of each other, and placed a coffee table on top of them. James testified that the perpetrator carrying the pistol found him in the kitchen, ordered him to the floor, and bound his hands and feet with duct tape. Rigby testified that the perpetrators stole the money from his wallet, and Pressley testified that they stole his keys and his camcorder.

Parrish testified that he and his girlfriend, S. S., were in his bed when a young, black, skinny male walked into the room and threw the bedcover over their heads; that some of the other men came into the room and used duct tape to bind his hands and cover his eyes before throwing him to the floor; that one of the men put a gun to the back of his head and that they kicked him in his head; that one of the men dared the one holding the pistol to shoot him and that he heard the sound of the gun being cocked; and that the men stole his cell phone and $400 from him. Parrish also testified that while lying on the floor, he heard the bed moving and S. S. crying. S. S. testified that one of the perpetrators fondled and licked her left breast, penetrated her with his fingers, then removed her shorts and underwear and dragged her toward the side of the bed by her ankles before penetrating her with Parrish's lava lamp. She recalled that one of the perpetrators repeatedly struck the lamp to drive it into her, then rolled her onto her stomach and taped her hands together behind her back before leaving the room. S.S. did not see any of the perpetrators.

Id. at 30. Based on these facts, Wilkerson was convicted of one count of burglary, four counts of armed robbery, one count of criminal attempt, six

2

counts of kidnapping, one count of aggravated sexual battery, and one count of possession of a firearm or knife during the commission of certain crimes. The facts later set forth by the habeas court in its ruling are consistent with the facts set forth by the Court of Appeals, and, "[i]n reviewing the grant or denial of a petition for habeas corpus, this Court accepts the habeas court's factual findings and credibility determinations unless they are clearly erroneous, but we independently apply the law to the facts." (Citation omitted.) Henderson v. Hames, 287 Ga. 534, 536 (2) (697 SE2d 798) (2010).

2. As an initial matter, we find that Wilkerson's claim that the evidence was insufficient to prove asportation under Garza is cognizable in habeas. "[A] new rule of substantive criminal law must be applied retroactively to cases on collateral review and . . . an appellate decision holding that a criminal statute no longer reaches certain conduct is a ruling of substantive law." Luke v. Battle, 275 Ga. 370, 373 (2) (565 SE2d 816) (2002).

> Garza ultimately held that, with respect to the asportation element of Georgia's pre-2009 kidnapping statute, the movement necessary to establish asportation must be more than "merely incidental" to other criminal activity, and four judicially created factors must be considered before a court can conclude that more than "merely incidental" movement had occurred. Id. at 702 (1). Garza has since been superseded by statute for offenses occurring after July 1, 2009.

3

OCGA § 16-5-40 (b) (2). However, because the rule created in Garza constituted a substantive change in the law with respect to the elements required to prove the crime of kidnapping at the time that the case was decided, the rule became retroactively applicable to cases such as the instant case. See, e.g., Hammond v. State, 289 Ga. 142, 143 (1) (710 SE2d 124) (2011) (A substantive change in case law "includes decisions that remove certain conduct from the reach of criminal statutes") (citation omitted).

Sellars v. Evans, 293 Ga. 346, 347, n. 1 (745 SE2d 643) (2013). Therefore, the substantive change to the interpretation of the asportation requirement set forth in Garza satisfies the cause and prejudice analysis and is cognizable in habeas corpus proceedings.

[A] failure to make timely objection to an alleged error or deficiency ordinarily will preclude review by writ of habeas corpus. However, an otherwise valid state procedural bar will not preclude a habeas corpus court from considering alleged errors or deficiencies if there shall be a showing of adequate cause for failure to object and a showing of actual prejudice to the accused. Even absent such a showing of cause and prejudice, the relief of the writ will remain available to avoid a miscarriage of justice.

(Emphasis omitted.) Valenzuela v. Newsome, 253 Ga. 793, 796 (4) (325 SE2d 370) (1985). Georgia law requires sufficiency of the evidence claims to be raised in the first instance on direct appeal, so, in habeas, such a claim is procedurally defaulted if not raised on direct appeal (or procedurally barred if raised on appeal and decided against the petitioner) unless the petitioner

4

establishes either "cause and prejudice" or that relief is necessary to prevent a "miscarriage of justice." Id.

3. While the habeas court appropriately considered Wilkerson's Garza claim, it erred by finding that the facts of this case were sufficient to satisfy Garza's asportation requirement. Under Garza, the question whether asportation was more than "merely incidental" to another crime is decided based on the consideration of four factors:

> (1) the duration of the movement; (2) whether the movement occurred during the commission of a separate offense; (3) whether such movement was an inherent part of that separate offense; and (4) whether the movement itself presented a significant danger to the victim independent of the danger posed by the separate offense.

(Citation omitted.) Garza, supra, 284 Ga. at 702 (1). Generally, the satisfaction of all four factors is not required in order for the evidence to support a proper finding of asportation under Garza. See Brown v. State, 288 Ga. 902 (3) (708 SE2d 294) (2011) (asportation found where three of four Garza factors met). In the present case, however, the record does not support the conclusion that enough of the Garza factors were met to warrant a finding of asportation.

In this case, the movement of the victims, which was mainly to subdue

5

them with duct tape,[1] occurred during the commission of the separate crimes being committed in this situation and did not expose any of the victims to danger independent of the crimes already in progress. For example, the duct taping of individuals was an incidental part of the commission of burglary and armed robbery, under the current facts, and the movement of S. S. was part of the manner in which aggravated sexual assault was committed against her. Furthermore, there was no showing that the slight movement of the victims presented a significant danger outside of the danger from the crimes already being committed. See Henderson v. State, 285 Ga. 240, 245 (5) (675 SE2d 28) (2009) (kidnapping statute is "intended to address 'movement serving to substantially isolate the victim from protection or rescue'") (citation omitted). Under these circumstances, the evidence was insufficient to show asportation under Garza, and Wilkerson's convictions for kidnapping must be vacated.

4. Wilkerson separately contends that he received ineffective assistance of counsel because his trial counsel did not know he was entitled to present two hours of closing argument and did not object when the trial court limited him to

---

[1] In fact, this act is actually more of a restriction of movement than movement, itself.

thirty minutes, which he thought was his limit.[2]

> Similar to other claims of ineffective assistance, a habeas petitioner seeking to overcome a procedural default must show professionally deficient performance by trial or direct appeal counsel and that the deficiencies had a reasonable probability of changing the outcome of the [proceeding]. See Strickland[ v. Washington, 466 U. S. 668, 687 (104 SCt. 2052, 80 LE2d 674) (1984)]; Hall v. Lewis, 286 Ga. 767, 769 (692 SE2d 580) (2010).

Perkins v. Hall, 288 Ga. 810, 822 (III) (C) (708 SE2d 335) (2011).

In this case, even if Wilkerson's trial counsel was deficient, Wilkerson has failed to show harm. In presenting his closing argument, trial counsel was wholly unaware of his ability to insist on a two-hour closing argument and, therefore, "he presumably tailored his argument" for the time he thought he did have. See Hardeman v. State, 281 Ga. 220, 223 (635 SE2d 698) (2006). Although trial counsel testified that he needed the additional time to "flesh out" his arguments in more detail, the habeas court found that trial counsel did, in fact, argue the principles of law he wished to argue in his closing. "The decisive issue is whether, but for the erroneous denial of the extra hour [and a half], there

---

[2] Wilkerson's trial counsel testified that he was unaware that he was actually entitled to two hours of closing argument because kidnapping with bodily injury is a capital offense. OCGA 17-8-73.

is a reasonable probability that trial counsel could have convinced the jury that his client was innocent of the crimes charged. [Wilkerson] failed to make that showing." Id. The habeas court, therefore, properly denied Wilkerson's claim that he received ineffective assistance of counsel.

Judgment affirmed in part and reversed in part. All the Justices concur.


Decided February 24, 2014.

Habeas corpus. Ware Superior Court. Before Judge Blount, Senior Judge.

Brian Steel, for appellant.

Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Ryan A. Kolb, Assistant Attorney Geneal, for appellee.