305 Ga. 363
FINAL COPY

S18A1322.  CHAMBERS v. HALL.

NAHMIAS, Presiding Justice.

We granted Willie Chambers's application for a certificate of probable cause to appeal the denial of his petition for habeas corpus, identifying two questions: (1) whether the habeas court erred in concluding that there was sufficient evidence of asportation (movement of the victim) under Garza v. State, 284 Ga. 696 (670 SE2d 73) (2008), to support Chambers's conviction for kidnapping Ryan Mantz; and (2) whether the count charging Chambers with aggravated assault of Mantz with a deadly weapon merged into his conviction for armed robbery of Mantz. We answer both questions yes and therefore reverse the habeas court's judgment in part.

1.     Viewed in the light most favorable to the jury's verdicts, and as pertinent to the issues presented here, the evidence presented at Chambers's trial showed the following. On September 13, 2002, three armed, masked men

entered Mikey's Pizza in Charlton County at about 10:00 p.m. The restaurant was closed, and two employees, Anthony Lloyd and Ryan Mantz, were sitting at a table in the front room near the cash register counting their tips. One of the masked men told Lloyd to put his head on the table and not look up. Another assailant pointed a gun at Mantz's head, grabbed him, pushed him against the cash register, and told him to open it. Mantz complied, and he was then pushed back against a nearby table while the assailants took cash and checks from the register. There were also three female employees in the restaurant, who were ordered to walk to a wall in the back room and sit down. The three masked men then fled with cash and checks from the cash register.[1]

On October 6, 2003, a jury found Chambers guilty of armed robbery of Mantz, four counts of kidnapping (of the four restaurant employees other than Lloyd), five counts of aggravated assault with a deadly weapon, and possession of a firearm during the commission of a crime. Chambers was sentenced to serve 20 years in prison for armed robbery; 20 years for each count of kidnapping, concurrent to each other but consecutive to the armed robbery

---

[1] The Court of Appeals's opinion details the investigation that led to the identification of Chambers as one of the assailants. See Johnson v. State, 277 Ga. App. 499, 500-502 (627 SE2d 116) (2006).

sentence; ten years for each count of aggravated assault, concurrent with all the other counts; and five years on probation for firearm possession, consecutive to all the other counts. He filed a motion for new trial, challenging the trial court's admission of testimony about his gang membership and the court's jury instruction on the defense of alibi; the trial court denied his motion. He then filed an appeal raising the same issues, and the Court of Appeals affirmed in 2006. See Johnson v. State, 277 Ga. App. 499 (627 SE2d 116) (2006).[2]

In January 2010, Chambers filed a pro se petition for habeas corpus, which he amended several times. He argued, among other things, that his convictions for kidnapping were not supported by sufficient evidence of asportation under Garza. An evidentiary hearing was held in September 2014. In January 2017, the habeas court issued an order denying Chambers relief, specifically holding that the evidence supported all four of his kidnapping convictions under Garza because the movement of the victims was "more than

_____

[2] Chambers was jointly indicted and tried with Geodonald Wright and Sidney Johnson. All three defendants were found guilty as charged. See Johnson, 277 Ga. App. at 499-500. On appeal, Wright's convictions were affirmed, but Johnson's were reversed due to insufficient evidence that he was the third participant in the crimes. See id. at 500. Chambers did not raise the sufficiency of the evidence on appeal, and the Court of Appeals's opinion did not specifically address the sufficiency of the kidnapping evidence.

merely incidental to other criminal activity" and the separation of the male and female employees "presented a significant danger to these victims due to their isolation from one another." Chambers filed a timely notice of appeal and a timely application for a certificate of probable cause, which we granted to address the two questions set forth above. In his brief on appeal, the warden concedes that we should grant relief on both issues, and that is what we will do.

2.     We first address Chambers's challenge to his conviction for kidnapping Mantz (which was Count 2 of the indictment). Garza requires courts to consider four factors to determine whether the movement of an alleged kidnapping victim is sufficient to establish the essential element of asportation: the duration of the movement; whether the movement occurred during the commission of a separate offense; whether such movement was an inherent part of that separate offense; and whether the movement itself presented a significant danger to the victim independent of the danger posed by the separate offense. See 284 Ga. at 702. It is not necessary that all four factors support a finding of asportation. See Wilkerson v. Hart, 294 Ga. 605, 608 (755 SE2d 192) (2014). But a kidnapping conviction must certainly be reversed where, as here, none of

4

the factors supports such a finding. See id.[3]

Mantz's movement was minimal in duration and distance — it happened quickly and was limited to a few feet. It occurred during and was an integral part of the armed robbery — Mantz was pushed against the cash register so he could open it and then pushed out of the way so the robbers could access it. And the movement did not pose any danger to Mantz independent of the danger already posed by the armed robbery. Accordingly, there was insufficient evidence to support Chambers's conviction for kidnapping Mantz, and that conviction must be set aside. See id.

3.     As to the merger of the aggravated assault and armed robbery counts, this Court has explained that because "there is no element of aggravated assault with a deadly weapon that is not contained in armed robbery," that form of aggravated assault will merge into armed robbery "if the crimes are part of the same act or transaction." Bradley v. State, 292 Ga. 607, 610 (740 SE2d 100) (2013) (citations and punctuation omitted). See also Long v. State, 287 Ga. 886,

---

[3]     Although Garza was decided after Chambers's crimes, Garza's holding applies retroactively in habeas corpus proceedings. See Chatman v. Brown, 291 Ga. 785, 791 n.1 (733 SE2d 712) (2012). Garza has since been superseded by statute for offenses occurring after July 1, 2009. See Chatman, 291 Ga. at 791 n.1.

889 (700 SE2d 399) (2010) (holding that the "deadly weapon" requirement of aggravated assault under OCGA § 16-5-21 (a) (2) is the equivalent of the "offensive weapon" requirement of armed robbery under OCGA § 16-8-41 (a)).

Count 1 of Chambers's indictment charged him with armed robbery by taking money "from the immediate presence of Ryan Mantz, by use of an offensive weapon, to-wit: a handgun." Count 6 charged Chambers with aggravated assault by making "an assault upon the person of Ryan Mantz with a deadly weapon, to-wit: a handgun, by threatening him with, and pointing said handgun at him." Both of those charges arose from the same conduct — threatening Mantz at gunpoint to make him open the cash register so the assailants could take the cash and checks inside. Accordingly, the aggravated assault count as to Mantz merged into Chambers's conviction for armed robbery of Mantz. The trial court failed to recognize that merger and erroneously entered a conviction and sentence for the aggravated assault, which must be set aside. Chambers's remaining convictions are unaffected by our rulings.

Judgment reversed in part. All the Justices concur.

6

Decided March 4, 2019.

Habeas corpus. Telfair Superior Court. Before Judge Mullis.

Sarah L. Gerwig-Moore, Leslie L. Cadle, Ivy N. Cadle, Mathew Gilbo, J. Scott Key, for appellant.

Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Matthew M. Youn, Assistant Attorney General, for appellee.