Brown, Judge.
*303 Maurice Walker appeals from his convictions of armed robbery, kidnapping, and possession of a firearm during the commission of a crime,[1] contending that insufficient evidence supports each of his *304 convictions. For the reasons explained below, we reverse Walker's kidnapping conviction and affirm his remaining convictions.
On appeal from a criminal conviction, the standard for reviewing the sufficiency of the evidence
is whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. This Court does not reweigh evidence or resolve conflicts in testimony; instead, evidence is reviewed in a light most favorable to the verdict, with deference to the jury's assessment of the weight and credibility of the evidence.
(Citations and punctuation omitted.) Hayes v. State , 292 Ga. 506, 739 S.E.2d 313 (2013). So viewed, the record shows that after the victim parallel parked his car, he noticed two men, approximately 100 feet away, walking in the center of the street toward him as he started to get out of his car. The victim thought it was odd and "just kind of scurried myself up, [and] headed between cars to walk on the lawn side." The victim testified that as the men
got closer they kind of drifted in my direction a little bit as I was coming between the two cars to get on the other side. ... One of them asked if I had a cigarette or a smoke, and then right when I was motioning that I didn't have anything, ... the other individual came up behind me with a pistol - or behind me, the first one, and had a pistol and pulled down either a hat with holes in it or a ski mask.
At another point in his testimony, the victim clarified that the man with the gun was behind the one who asked for a cigarette and turned away from him briefly and pulled *392 down the mask before turning back around with the pistol pointed at him. Both men demanded that he give them his money.
When the victim told the men that his money was in his car, they ordered him to hurry and get it. After he moved a few feet and stepped back onto the street, he gave the gunman cash from a wallet in his back pocket. Right after that, the first man grabbed the victim's arm and told the gunman to "cap him, man; he saw me; cap him." The victim testified that as he jumped away, "[the first man]'s grip went to [his] shirt and [the first man] started pulling me back and so I was struggling with that, and [the gunman] was trying to keep up with how we were moving, and then finally I broke free after [the first man] pulled me a couple of feet back towards the trees" and "the shadows *305 again." The victim testified that the entire encounter "couldn't have been more than 30 seconds."
In his trial testimony, the victim described the first man who had asked for the cigarette as a black man with "dread-locks" and "smaller built than the gunman," wearing a designer camouflage jacket, dark boots, and a ski cap. This man was later identified as Mason Johnson. He described the gunman as being taller, heavier built, and wearing light-colored athletic shoes,[2] jeans and "a dark - it looked like a coverall or a sweater or some kind of over-jacket that was zipped up or buttoned up and had a ski mask on. Could've been a hat with holes in it, or a ski mask." The gunman was later identified as Walker. The victim testified that he saw both of the men's faces before Walker put the mask on and that there were "bright street lamps" all along the street where he parked. While the street was illuminated well, the residences were "kind of darkish and in shadow."
After the victim's escape, he called 911. Approximately 15 minutes later, the victim saw the two men walking down the sidewalk on the other side of the street as he was talking to a police officer about the robbery. The victim testified that he
actually was in disbelief that they came back to where I was, so I just wanted to make sure that they were who I thought they were, so I took a minute - after I told the deputy that I thought these were the guys that just robbed me, he said, are you sure. I said, well, let me make sure. As they were walking up the street they actually came closer to where I was. They were still on the sidewalk. Almost to where they were across the street from me I identified - positively identified them without a doubt.
The officer then got into his patrol car and detained the two men with the assistance of other patrol officers. The victim then identified both men again. At the time the victim identified Walker to the police, Walker was no longer wearing the "outer garment that was worn during the robbery and the knit cap or ski mask." When they were arrested, Johnson was wearing a camouflage jacket, black boots, a white shirt, and dark-colored blue jeans, and Walker was wearing a pair of white and black tennis shoes, dark blue jeans, a gray shirt, and a black hat.
*306 1. Walker contends that insufficient evidence supports the asportation element of his kidnapping conviction under the standard created by the Supreme Court of Georgia in Garza v. State , 284 Ga. 696, 670 S.E.2d 73 (2008).[3]
Garza requires courts to consider four factors to determine whether the movement of an alleged kidnapping victim is sufficient to establish the essential element of asportation: the duration of the movement; whether the movement occurred during the commission of a separate offense; whether such movement was an inherent part of that separate offense; and whether the movement itself presented a significant danger to the victim independent of the danger posed by the separate offense.
*393 (Citation and punctuation omitted.) Chambers v. Hall , 305 Ga. 363, 364-65(2), 825 S.E.2d 162 (2019). The purpose of the Garza test is to "determin[e] whether the movement in question is in the nature of the evil the kidnapping statute was originally intended to address - i. e., movement served to substantially isolate the victim from protection or rescue - or merely a criminologically insignificant circumstance attendant to some other crime." (Citation and punctuation omitted.) Garza , 284 Ga. at 702 (1), 670 S.E.2d 73.
In this case, as in Chambers , supra, the victim's "movement was minimal in duration and distance - it happened quickly and was limited to a few feet." Chambers , 305 Ga. at 365(2), 825 S.E.2d 162. While the victim may have been dragged a couple of feet toward a darker area of a public place, that scant distance did not place the victim in more danger than he was already in or isolate him from protection or rescue. See Levin v. Morales , 295 Ga. 781, 783, 764 S.E.2d 145 (2014) ; Wilkerson v. Hart , 294 Ga. 605, 609 (3), 755 S.E.2d 192 (2014). Even though the movement here took place after the armed robbery was complete and was arguably not an inherent part of that offense, satisfaction of some factors of the Garza test does not mandate a finding that the State presented sufficient evidence of asportation. In Levin , supra, the Supreme Court of Georgia found insufficient *307 evidence of asportation even though it assumed that the State had satisfied factor two (movement did not occur during the commission of a separate offense) and three (was not an inherent part of that separate offense) of the Garza test. Levin , 295 Ga. at 783, 764 S.E.2d 145. Based upon the short distance the victim was moved in a public street, we conclude that the State failed to present evidence of asportation sufficient to support Walker's kidnapping conviction. Chambers , 305 Ga. 363, 364-65(2), 825 S.E.2d 162. Compare Humphries v. State , 305 Ga. App. 69, 71-72 (1), 699 S.E.2d 62 (2010) (sufficient evidence of asportation under Garza test where victim pulled from top of open hill on golf course near lighted area and dragged down steep hill into darker wooded area).
2. Walker contends that insufficient evidence supports his convictions for armed robbery and possession of a firearm during the commission of a crime based upon the victim's limited opportunity to view Walker during the crime and an inconsistency in the victim's statement about the shoes worn by Walker and Johnson. Any inconsistencies in the victim's testimony and the reliability of his identification are for the jury to consider and weigh. See Graham v. State , 337 Ga. App. 193, 195-196 (1), 786 S.E.2d 857 (2016). "Because [Walker]'s arguments go to the weight, rather than to the sufficiency of the evidence, he presents no basis for reversing [these convictions.]" (Citation and punctuation omitted.) Tiller v. State , 314 Ga. App. 472, 474 (1), 724 S.E.2d 397 (2012).
Judgment affirmed in part and reversed in part.
Mercier, J., concurs. Barnes, P.J., concurs in part and dissents in part.*
* THIS OPINION IS PHYSICAL PRECEDENT ONLY, COURT OF APPEALS RULE 33.2(a).

The trial court sentenced Walker to life for armed robbery, 20 years concurrent for kidnapping, and 5 years probation consecutive to the armed robbery sentence for possession of a firearm during the commission of a crime.

An investigating officer who took a recorded statement from the victim testified that the victim told him that it was Johnson who was wearing light-colored shoes.

As the incident at issue took place on January 3, 2009, we must apply the standard for asportation enunciated by the Supreme Court of Georgia in Garza , supra. The Legislature's subsequent amendment to the kidnapping statute did not become effective until July 1, 2009. See Hammond v. State , 289 Ga. 142, 143, 710 S.E.2d 124 (2011).