BARNES, Presiding Judge, concurring in part and dissenting in part.
Because there was sufficient evidence to support the asportation element of kidnapping under the test enunciated in Garza v. State , 284 Ga. 696, 702 (1), 670 S.E.2d 73 (2008), I would affirm the kidnapping conviction. Accordingly, I respectfully dissent in part from the majority opinion.[1]
In the present case, the forced movement of the victim occurred after the armed robbery was complete and was not an inherent part of that offense. The majority, however, concludes that the Garza test *308 for asportation was not satisfied because the victim's movement was minimal in duration and distance and the "scant distance did not place the victim in more danger." While I agree that the movement of the victim was minimal, I disagree with the majority's conclusion that *394 the victim was not placed in more danger. The victim testified that after he gave his wallet to the robbers at gunpoint, one robber told the other robber that the victim should be shot because he had seen the robber's unmasked face, leading to a physical struggle between the victim and robbers. Significantly, according to the victim, the robbers "were pushing me back in the shadows underneath one of the trees out of the light of the street lamp." This testimony by the victim, when construed in the light most favorable to the prosecution, reflected that after the armed robbery, the robbers moved the victim away from a visible area near a street lamp to a dark area underneath a tree where they planned to shoot him.
The jury was authorized to find that moving the victim from a lighted area to a dark area under a tree at night after the armed robbery was complete lessened the perpetrators' risk of detection and was intended "to isolate the victim from protection or rescue, thus increasing the danger faced by the victim." Flores v. State , 298 Ga. App. 574, 576 (1), 680 S.E.2d 609 (2009) (although duration of the movement was short, the "forced removal of the victim from a visible area to the secluded dark area" was sufficient to show asportation under Garza because it presented "a significant danger to the victim independent of the [underlying crime]"). See Humphries v. State , 305 Ga. App. 69, 72 (1), 699 S.E.2d 62 (2010) (evidence was sufficient to show asportation pursuant to Garza ; although record did not specify the duration of the movement, the forced movement of the victim "away from a more lighted place to a darker and more isolated place" increased the danger to the victim and was not an inherent part of the other, separate offenses). Accordingly, although the duration of the movement was minimal, the other three Garza factors were satisfied, including the "significant danger" factor, and thus the evidence was sufficient to establish asportation under the Garza test. See Inman v. State , 294 Ga. 650, 651 (1) (b), 755 S.E.2d 752 (2014) (evidence was sufficient to support conviction under Garza , where the movement was not extensive in distance or duration, but other three Garza factors were satisfied). See also Smith v. State , 312 Ga. App. 174, 180 (5), 718 S.E.2d 43 (2011) (concluding that asportation had been shown under Garza even though the duration of the victim's movement was short).
While the majority relies on the recent Supreme Court case of Chambers v. Hall , 305 Ga. 363, 365 (2), 825 S.E.2d 162 (2019), that case is distinguishable because the victim's forced movement "occurred *309 during and was an integral part of the armed robbery," unlike in the present case, where the movement occurred after the armed robbery was completed. Wilkerson v. Hart , 294 Ga. 605, 609 (3), 755 S.E.2d 192 (2014) is distinguishable for the same reason because in that case the movement "occurred during the commission of the separate crimes." Additionally, Levin v. Morales , 295 Ga. 781, 783, 764 S.E.2d 145 (2014) is distinguishable because the victim in that case was moved back and forth to a bedroom, not from a lighted area to a dark area where the victim would be less visible, as occurred here.
For these reasons, the evidence was sufficient to show asportation under the Garza test. This Court therefore should affirm the kidnapping conviction.

I concur with the majority opinion to the extent that the majority affirms Walker's convictions for armed robbery and possession of a firearm during the commission of a crime.