**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**GOBEIL and PINSON, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**April 22, 2022**

# In the Court of Appeals of Georgia

A22A0008. BOWMAN v. THE STATE.

PER CURIAM.

Following a jury trial, Eduardo Bowman was convicted in Glynn County Superior Court of family violence aggravated battery, two counts of family violence aggravated assault, and false imprisonment.[1] Bowman appeals following the denial

---

[1] Count 1 of the indictment charged Bowman with family violence aggravated battery, alleging that he fractured R. D.'s jaw. Count 2 charged Bowman with family violence aggravated assault, alleging that he struck R. D. in the face and body. Count 3 charged Bowman with family violence aggravated assault, alleging that he strangled R. D. Count 4 charged Bowman with kidnaping, alleging that he "forced [R. D.] into a vehicle and transported [her] from one residence to another." Count 5 charged Bowman with false imprisonment, alleging that he unlawfully confined R. D. at the residence of R. D. and Bowman.

The jury acquitted Bowman of the kidnaping charge in Count 4, but found him guilty of all other counts. At the sentencing hearing, the trial court stated that it was merging Count 2 with Count 1. However, Bowman's written sentence indicates that he was sentenced on both of these counts, and "the written sentence controls over the trial court's oral pronouncements regarding sentencing." See *Thelusma v. State*, 356

of his motion for new trial, claiming that (1) the trial court erred in denying his motion for certification of materiality of an out-of-state witness, and (2) his conviction for false imprisonment should be vacated because the State failed to prove venue was proper as to that offense. We affirm.

Viewed in the light most favorable to the verdict,[2] the evidence at trial shows that Bowman formerly dated and lived with R. D. in Glynn County. The relationship between Bowman and R. D. was tumultuous and occasionally violent. As to the incident at issue in this case, one night Bowman and R. D. attended a party at the residence of their friend Krystal Chroma, as to whom Bowman would seek a certificate of materiality. When Bowman and R. D. got into an argument outside of Chroma's residence, Bowman punched R. D. in the face. Bowman then dragged R. D. to his car and drove back to the couple's residence. Bowman struck R. D. en route

---

Ga. App. 495, 500 (2) (847 SE2d 852) (2020). The trial court may wish to reexamine this issue in order to conform the written sentence to the sentence pronounced orally. See *Barber v. State*, 350 Ga. App. 309, 316 (4) (827 SE2d 733) (2019) ("[A] superior court in the exercise of its inherent power to correct its records to reflect the truth may correct a written sentence which does not conform to the sentence pronounced orally, and such action does not constitute a modification of the sentence.") (punctuation omitted).

[2] See *Johnson v. State*, 340 Ga. App. 429, 430 (797 SE2d 666) (2017).

to the residence, and upon arrival he locked the doors and viciously beat and strangled her, causing severe injuries, including a broken jaw.

R. D. and Bowman both testified at trial. R. D. testified that she did not provoke the attack and that Bowman held her against her will throughout the attack, while Bowman testified that R. D. was with him willingly and that he only hit her once after she attacked him in the car.

1. Chroma apparently moved to Pennsylvania after the incident involving Bowman and R. D. at her residence. On February 5, 2016 — three days before jury selection was scheduled to occur — Bowman filed a motion for certification of materiality of out-of-state witness, requesting that the trial court certify to the proper Pennsylvania court that Chroma was a material witness in his case.[3] Bowman asserted that Chroma was a material witness because she was present outside of her residence when he allegedly struck R. D. and dragged her to his car, and it was expected that Chroma would testify that he did not strike R. D. and that she left with him willingly.

---

[3] Bowman also filed a motion for continuance to obtain the presence of Chroma as a witness, which the trial court denied.

In support of the motion, Bowman submitted notes from Nathaniel Hicks, Jr., an intern with the Public Defender's office, regarding a telephone conversation with Chroma. Hicks stated the following in the notes:

> On February 4, 2016 . . . I . . . sat in the office with Robert Arrington[4] and witnesse[d] a conversation with Krystal Chroma in reference to a case involving Eduardo Bowman. Ms. Chroma states that she was at a get together with [R. D.] and Mr. Bowman. She states that [R. D.] was trying to "feel up" her (Ms. Chroma's) boyfriend. Mr. Bowman tried to leave [R. D.], however she would not stay with Ms. Chroma. Later Mr. Bowman returned for some cigarettes that [R. D.] left at Ms. Chroma's house. Ms. Chroma states that [R. D.] got into the car [with] Mr. Bowman willingly. She states that Mr. Bowman admitted to having an altercation [with R. D.] before he returned to Ms. Chroma's house.

The trial court denied the motion, concluding that Bowman had not met his burden of demonstrating that Chroma was a material witness. The court explained that while it was not prohibited from considering hearsay evidence in ruling on the motion, the only evidence Bowman presented — the notes from Hicks — was hearsay and not testimony subject to cross-examination. The court also noted that Bowman's motion

---

4 Arrington was previously Bowman's lead trial counsel.

was filed just three days before jury selection was set to occur, and that the information regarding Chroma was contained in the original police report.

Bowman now challenges the denial of his motion, arguing that Chroma was a material witness because she observed the alleged attack outside of her residence and was prepared to testify that Bowman neither attacked R. D. nor abducted her to the couple's residence.

"Because process issued by Georgia courts does not have extraterritorial power, Georgia, like the 49 other states, enacted the Uniform Act to Secure the Attendance of Witnesses from Without the State (the "Uniform Act"), OCGA § 24-13-90 et seq." See *Young v. State*, 324 Ga. App. 127, 128 (1) (749 SE2d 423) (2013) (punctuation omitted). The Uniform Act provides the statutory means to compel an out-of-state witness to testify at criminal proceedings in Georgia. See OCGA § 24-13-94 (a).

Under the Uniform Act, a party desiring to secure the attendance of an out-of-state witness in a prosecution or grand jury investigation pending in a Georgia court may request that the court issue a certificate of materiality regarding that witness. See OCGA § 24-13-94 (a).[5] The Georgia court presented with such a request is charged

---

[5] OCGA § 24-13-94 (a) provides in full:

If a person in any state which by its laws has made provision for

5

with deciding whether the sought-after witness is a "material witness." See *Young*, 324 Ga. App. at 129 (1); OCGA § 24-13-94 (a). The Supreme Court of Georgia has defined "material witness" as "a witness who can testify about matters having some logical connection with the consequential facts, [especially] if few others, if any, know about these matters." *Davenport v. State*, 289 Ga. 399, 404 (711 SE2d 699) (2011). Any certificate issued by the Georgia court is presented to a judge of a court of record in the out-of-state county in which the witness is found, and that court shall issue a summons directing the witness to attend and testify in the Georgia criminal proceeding if it determines that the witness is material and necessary to the proceeding, that compelling the witness to attend the proceeding and testify would

commanding persons within its borders to attend and testify in criminal prosecutions or grand jury investigations commenced or about to commence in this state is a material witness in a prosecution pending in a court of record in this state or in a grand jury investigation which has commenced or is about to commence a judge of such court may issue a certificate under the seal of the court stating these facts and specifying the number of days the witness will be required. This certificate may include a recommendation that the witness be taken into immediate custody and delivered to an officer of this state to assure attendance in this state. This certificate shall be presented to a judge of a court of record in the county in which the witness is found.

6

not cause an undue hardship to the witness, and that Georgia will give the witness protection from arrest and the service of civil or criminal process. See id. at 401; OCGA § 24-13-92 (b).

In considering a motion for certification of materiality of an out-of-state witness, a trial court is not prohibited from considering hearsay evidence, but should give hearsay evidence "such weight as the court's judgment and experience counsel." *Parker v. State*, 296 Ga. 586, 596 (4) (769 SE2d 329) (2015) (punctuation omitted). "[T]he trial court retains the prerogative as the fact-finder to determine the weight and credibility of the evidence submitted, and in making this determination, the court may consider the fact that evidence was presented in the form of hearsay rather than testimony subject to cross-examination or evidence bearing other indications of trustworthiness." Id. at 597 (4); see also *Young*, 324 Ga. App. at 132 (3) (a party requesting a certificate of materiality of an out-of-state witness must present "evidence of facts to show that the proposed witness is material," and may not rely on the statements of counsel alone). This Court reviews a trial court's ruling on such a motion for abuse of discretion. See *Young*, 324 Ga. App. at 130 (1); *Spann v. State*, 318 Ga. App. 740, 742 (1) (736 SE2d 749) (2012).

Bowman has not shown that the trial court abused its discretion in denying his motion here. The only evidence Bowman submitted in support of his motion consisted of the notes from Hicks, which simply summarized the contents of a conversation between Chroma and Bowman's former counsel, and the court was permitted to assign little or no weight to this hearsay evidence. See *Parker*, 296 Ga. at 596-597 (4). In addition, the police report apparently indicated that Chroma was inside of her residence when Bowman attacked R. D. outside, and R. D.'s trial testimony confirmed this fact. The court was also permitted to consider the fact that, while the information regarding Chroma was contained in the police report and therefore known to Bowman, Bowman filed his motion just three days before jury selection was set to occur. Accordingly, there was no error.

2. Bowman argues that his conviction for false imprisonment should be vacated because the State failed to establish that venue for this offense was proper in Glynn County. Specifically, he asserts that the State failed to establish that the acts he allegedly committed outside of Chroma's residence — striking R. D. and forcing her into his car in order to drive her back to the couple's residence — occurred in Glynn County.

[V]enue is a jurisdictional fact the State must prove beyond a reasonable doubt in every criminal case. The State may meet its burden at trial using either direct or circumstantial evidence, and the determination of whether venue has been established is an issue soundly within the province of the jury. On appeal, [we] review a challenge to the sufficiency of the venue evidence just like we review a challenge to the evidence of guilt: we view the evidence of venue in a light most favorable to support the verdict and determine whether the evidence was sufficient to permit a rational trier of fact to find beyond a reasonable doubt that the crime was committed in the county where the defendant was indicted.

*Worthen v. State*, 304 Ga. 862, 865 (3) (a) (823 SE2d 291) (2019) (citations and punctuation omitted); see also *Oates v. State*, 355 Ga. App. 301, 304 (2) (844 SE2d 239) (2020).

In this case, Bowman's argument fails because the charge of false imprisonment was based upon his actions at the couple's residence, not his actions at Chroma's residence.[6] As Bowman appears to concede on appeal, the evidence at trial was sufficient to permit the jury to find beyond a reasonable doubt that the

---

[6] Bowman's actions at Chroma's residence formed the basis of the charge of *kidnapping*, and he was acquitted of this offense.

couple's residence was in Glynn County and that the false imprisonment occurred there, satisfying the venue requirement.

For the foregoing reasons, we affirm.

*Judgment affirmed. Division Per Curiam. All Judges concur.*